-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VLADIMIR KULAKOV,

        Plaintiff,

        -v-

INS, USA,

        Defendant.

DECISION AND ORDER
06-CV-0754Sc

## INTRODUCTION

Plaintiff, Vladimir Kulakov, who is presently detained at the Buffalo Federal Detention Facility, pursuant to a final order of removal, has filed a complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[1] against the "INS, USA"[2] alleging that various employees of ICE have refused to issue travel documents to effect his removal and, therefore, he is being illegally detained by ICE. (Docket No. 1). Plaintiff has sought permission to proceed *in forma pauperis*. Because the propriety of plaintiff's current detention has not been called into question, in any way, his claim is not actionable in a proceeding under *Bivens*. *See Heck v. Humphrey*, 512 U.S. 477 (1994). *See*

---

[1] While the complaint is filed on a form for filing a prisoner civil rights complaint under 42 U.S.C. § 1983, it is clear that the complaint should be construed as one filed under *Bivens*, which stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] Prior to the Homeland Security Act of 2002, Pub.L. 107-296 § 441, 116 Stat. 2135, 2193 (2002), 6 U.S.C. § 202(3), § 251, the INS, an independent agency within the Department of Justice, enforced the immigration laws. That Act dissolved the INS and transferred responsibility for enforcing immigration laws to the newly created Bureau of Immigration and Customs Enforcement ("ICE") within the new Department of Homeland Security. *See United States v. Shitian Wu*, 419 F.3d 142, 146 n. 3 (2d Cir.2005). All further references herein will be to ICE.

also Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (habeas proceeding proper vehicle for prisoner's challenge to fact or duration of his confinement).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed in forma pauperis. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which in forma pauperis status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Based on its evaluation of the complaint, the Court finds that the complaint claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

In Heck, the Supreme Court ruled that a constitutional claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff establishes that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. As noted, plaintiff's complaint alleges that officials of ICE have continued to detain him illegally pending his removal and he seeks monetary damages for said illegal detention. Inasmuch as the success of plaintiff's claim herein relies upon the unlawfulness of plaintiff's continued detention by ICE, Heck precludes a claim under Bivens until the propriety of the detention has been invalidated or called into question in some manner. See, e.g., Calix-Chavarria v. Gonzalez, Civil No. 1:CV-06-0820, 2006 WL 1751783,

2

at *2 (M.D.Pa., 2006). Because there is no evidence that plaintiff's order of removal has been invalidated in any way, his claim herein is barred by Heck, and must be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis is granted and, for the reasons discussed above, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that the complaint is dismissed without prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated: MAY 7, 2007
Rochester, New York

Charles Siragusa
CHARLES J. SIRAGUSA
United States District Judge

3